[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an administrative appeal of a decision of the Freedom of Information Commission (hereinafter "FOIC") in a contested case (docket #FIC 95-81). This administrative appeal is brought pursuant to General Statutes §§ 1-21i(d) and 4-183 (b).
The parties to the appeal in addition to the FOIC include the State of Connecticut Office of Protection and Advocacy for Persons with Disabilities (hereinafter "PA"), Marlene Fein, Sharon Story and American Federation of State, County and Municipal Employees, Council 4, AFL-CIO, Local 2663 (hereinafter "AFSCME"). Ms. Fein and Ms. Story are employees of PA, whose personnel evaluations were ordered disclosed by the FOIC decision at issue. AFSCME is the collective bargaining representation for the bargaining unit of PA employees, which includes Fein and Story. AFSCME was granted intervenor status by the FOIC in proceedings below.
The origin of this dispute relates back to a June 1994 vacancy in the position of director of PA's abuse investigation division. Ten PA employees applied for the position including the individual Plaintiffs. Ms. Story received the promotion. The unsuccessful applicants, other than Ms. Fein, requested from PA various documents relating to the selection of Ms. Story. PA only partially complied with the requests, refusing to disclose certain documents. Ms. Story and Ms. Fein both objected to the disclosure of their personnel evaluations.[1]
The FOIC decision agreed with PA that many of the requested documents need not be disclosed. The appeal CT Page 188 arises from the FOIC order that Fein and Story's personnel evaluation and a post-selection memorandum, from the PA acting director to the PA affirmative action officer, must be disclosed.
The FOIC decision was mailed on March 22, 1996 and this appeal was filed in timely fashion on April 25, 1996. The FOIC order was stayed by court order (Maloney, J.) on June 4, 1996. The Record was filed on August 28, 1996. Plaintiff's briefs were filed on September 27, 1996 with supplemental briefs of October 7 and 8, 1996. Defendant, FOIC filed its brief on November 5, 1996. The case was orally argued on December 18, 1996.
The employees involved in the PA selection process were all state employees in the classified service. Thus, their access to test papers and service ratings (evaluations) are subject to General Statutes §§ 5-225 and 5-237. Our Supreme Court has determined that "§§ 5-225 and 5-237 are statutory exceptions within the purview of § 1-19 (a)."[2] Personnel Director v.FOIC, 214 Conn. 312, 321 (1990). Personnel Director, supra, is also controlling on the issue of § 5-237 conditioning the public's right of access to service ratings or evaluations.Personnel Director, supra, thus resolves the claim relating to the evaluations:
 In conclusion, § 1-19 (a) provides that all records kept on file by public agencies shall be public records "[e]xcept as otherwise provided by any federal law or state statute." We hold that §§ 5-225 and 5-237 provide such an exception. . . .
Personnel Director v. FOIC, supra, 214 Conn. 321.
The FOIC argues that there has been a waiver of § 5-225
and § 5-237 by PA. Alleging that PA treated the requests for evaluations as if they were privacy issues under § 1-19 (b); by releasing evaluations of employees who did not object to such release.
 Waiver is the intentional abandonment of a known right. Brown v. Employer's Reinsurance Corp., 206 Conn. 668, 675 (1988). "Waiver is the voluntary relinquishment of a known right. It CT Page 189 involves the idea of assent, and assent is an act of understanding . . . intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] are sufficient." Mackay v. Aetna Life Ins. Co., 118 Conn. 538, 547-48
(1939); see Phoenix Mutual Life Ins. Co. v. Brenckman, 148 Conn. 391, 396 (1961). Soares v. Max Services, Inc., 42 Conn. App., 147, 175
(1996).
The plaintiffs asserted their exemption claim under §§ 5-225 and 5-237 before the FOIC. It would be inconsistent with the requirements for intentional relinquishment of a known right to adopt the FOIC argument that waiver can be inferred from the PA initial response to the document request. The individual employees could waive their § 5-237 rights as well as their privacy interests under § 1-19(b); (see Soares v. Max Services, Inc., supra,42 Conn. App. 175); however, there is no evidence of the Plaintiffs assenting to a waiver of § 5-237 rights.[3]
General Statutes § 5-237 controls and the evaluations should not have been ordered released by the FOIC.
The December 13, 1994 memo was found by the FOIC to be responsive to the underlying request for information. "In cases involving administrative appeals it is not the function of . . . the trial court to retry the case or substitute its judgment for that of the administrative agency. . . ." (Citation omitted, internal quotation marks omitted.) Kolakowski v. Hadley, 43 Conn. App. 636, 642
(1996).
PA argues that the December 13, 1994 memo is exempt from disclosure on the alternate grounds of 1-19b(2) personnel files disclosure of which would constitute an invasion of privacy and/or 1-19 (b)(4) records pertaining to strategy and negotiations with respect to pending claims. The pending claim being a Connecticut Human Rights and Opportunities Commission ("CHRO") which has now been withdrawn.
The December 13, 1994 memo has been reviewed "in camera" by this court. The document does not relate to strategy and negotiations concerning the CHRO claim, but rather factually reviews the selection process. CT Page 190
The invasion of personal privacy claim must meet the criteria that the disclosure would be "highly offensive to a reasonable person." Perkins v. FOIC, 228 Conn. 158, 175
(1993). Nothing contained in such memo meets that standard.
The Appeal is sustained as to the evaluations and dismissed as to the December 13, 1994 memo. The case is remanded to the FOIC for further proceedings in accordance with this judgment.
Robert F. McWeeny, J.